Filed 6/16/14  P. v. Coghill CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEREK JOSEPH COGHILL,<br><br>    Defendant and Appellant. | G049249<br><br>(Super. Ct. No. 13WF1570)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Edward W. Hall, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

We appointed counsel to represent Derek Joseph Coghill on appeal. Counsel filed a brief that set forth the facts of the case.  Counsel did not argue against her

client but advised the court no issues were found to argue on his behalf. Coghill was given 30 days to file written argument on his own behalf. That time has passed, and he has not filed a brief.

Counsel filed a brief following the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436. The court in *Wende* explained a *Wende* brief is one that sets forth a summary of proceedings and facts but raises no specific issues. Under these circumstances, the court must conduct an independent review of the entire record. When appellant himself raises specific issues in a *Wende* proceeding, we must expressly address them in our opinion and explain why they fail. (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124 (*Kelly*).) Here, Coghill did not file a supplemental brief raising any issues.

Having filed a *Wende* brief, counsel, pursuant to *Anders v. California* (1967) 386 U.S. 738, provided the court with information as to issues that might arguably support an appeal. Counsel raised the following five questions: (1) whether there was sufficient evidence Coghill violated probation; (2) did Coghill agree to termination of Proposition 36 (Pen. Code, § 1210 et seq.) and, if not, was termination otherwise proper; (3) after revoking probation and imposing sentence, was it proper for the trial court to order as condition of probation Coghill pay a mandatory drug program fee of $150 for each specified drug offense; (4) did the court abuse its discretion in refusing to issue a certificate of probable cause; and (5) did the court properly take no action on Coghill's petition to modify his sentence because his case was on appeal.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders* and found no arguable issues on appeal. We affirm the judgment.

FACTS

Coghill entered a plea of guilty to the following: count 1-possession of a controlled substance, methamphetamine, in violation of Health and Safety Code section 11377, subdivision (a); count 2-misdemeanor possession of controlled substance paraphernalia in violation of Health and Safety Code section 11364.1, subdivision (a);

2

and count 3-possession of more than 28.5 grams of marijuana in violation of Health and Safety Code section 11357, subdivision (c). Coghill admitted he suffered a prison prior in February 2009, in case No. 09WF0104, for a violation of Penal Code section 487, subdivision (a), pursuant to Penal Code section 667.5, subdivision (b).

Before entering the pleas and admission, Coghill stated he had the chance to discuss the charges and the case thoroughly with his counsel. Coghill acknowledged he had carefully read all the terms in his plea and he initialed and signed the form expressing his agreement.[1] He further indicated he understood he was giving up all the rights that were described in the plea form. The court advised Coghill the maximum possible sentence was four years and told him he would be granted probation, but if he violated the terms of his probation he could be sentenced up to the full four years. Coghill indicted he understood the court's advisement.

When asked if his handwritten statement of the facts was true and correct, Coghill said, "Yes." When asked if anyone had promised him anything or threatened him to force him to plead guilty, Coghill, answered, "No." Coghill then entered a guilty plea to all counts and admitted the prior. The court accepted the plea and admission and found Coghill knowingly, intelligently, and voluntarily waived his constitutional rights and found he understood the consequences of pleading guilty. The court also found there was a factual basis for the plea. Counsel joined in the plea and waivers.

The trial court placed Coghill on three years formal, supervised probation. The court ordered him to pay a number of fines and fees, and to register as a narcotics offender. In addition to other terms and conditions of probation, the court imposed various terms and conditions of probation, including a condition that Coghill complete

---

[1] In the change of plea form, Coghill wrote, "[On] May 26, 2013, I willfully and unlawfully possessed a useable amount of methamphetamine, a controlled substance, a pipe used to smoke it, and more than 28.5 grams of marijuana."

the Proposition 36 program and report to Department C60 in the Central Justice Center to begin the Proposition 36 program on July 10, 2013, at 8:30 a.m. The court also advised Coghill that if he failed to report to Department C60 as directed, he would "have a probation violation right off the bat."

Despite the very specific direction from the court, Coghill failed to appear in court on July 10, 2013. The court ordered probation revoked and ordered a bench warrant to be issued. On July 15, 2013, Coghill appeared in court in custody represented by a lawyer from the Public Defender's Office. He waived his right to a hearing and admitted the probation violation. The court accepted the admission and found there was a factual basis for the admission. The court reinstated probation and ordered Coghill to report to the Probation Department the following day. The court again ordered him to enroll in the Proposition 36 program.

On September 10, 2013, the probation officer filed a petition for arraignment on a probation violation alleging Coghill violated the terms of probation in that (1) on September 7, 2013, the Seal Beach Police Department arrested him for violating a restraining order, vandalism, and resisting arrest; (2) on August 19, 2013, he was terminated from the Proposition 36 track 1 at New Beginnings for missing a required test; (3) he was arrested at his deceased father's house in Surfside Beach, that it appeared he had been living there on a permanent basis, and he had failed to inform his probation officer that he was no longer living at his mother's house in Huntington Beach; (4) he failed to report to probation on August 20, 2103, as directed; and (5) he failed to submit to narcotic testing on August 20, 2013, by failing to report to probation.

On October 23, 2013, Coghill appeared in court in custody represented by the Public Defender's Office. Prior to addressing the probation violation matter, the trial court held a *Marsden*[2] hearing. At the closed hearing, Coghill complained his lawyer

_____

[2]     *People v. Marsden* (1970) 2 Cal.3d 118.

4

was not working in his best interest because he had asked her to do something related to his case and she refused. Counsel advised the court she was prepared to proceed and represent Coghill. The court denied Coghill's request to change attorneys.

Later in open court, the trial court advised Coghill of his rights, and he waived his rights, including the right to a probation violation hearing. Coghill admitted all five allegations in the petition. Counsel joined in the waivers, but not in the admissions. The court found Coghill in violation of probation on the grounds he admitted. The court imposed a divided sentence pursuant to Penal Code section 1170. The court ordered Coghill to serve nine months in county jail, followed by 15 months of mandatory supervision under numerous terms and conditions. The court also imposed various fines and fees. The court specifically ordered Coghill to pay the mandatory drug program fee of $150 for each specified drug offense, a fee the court had not previously ordered. The court indicated that if Coghill violated any conditions of the mandatory supervision, he could be sent to county jail to serve the remainder of his sentence, less any credits for time served. When the court asked if he accepted all the terms and conditions of mandatory supervision, Coghill answered, "Yes." The court struck the prison prior for purposes of sentencing only, and suspended the sentences for the misdemeanors in counts two and three, dismissed traffic citations, and ordered Coghill to report to the collections department to arrange payments in other matters.

On November 5, 2013, Coghill filed a timely notice of appeal with a request for a certificate of probable cause. In his notice, he alleged ineffective assistance of counsel and judicial misconduct. In his request for a certificate of probable cause attached to the notice of appeal, Coghill alleged ineffective assistance of counsel and judicial misconduct, but provided little detail of the alleged wrongs. As to the ineffective assistance of counsel claim, Coghill asserted counsel "did not object . . . to alleged prosecutorial and judicial misconduct." With respect to the judicial misconduct, Coghill

5

alleged, "The Canons of Judicial Conduct dictate that the trial judge must be impartial, dignified and courteous. [Citation.]"

On November 14, 2013, the trial court received Coghill's motion to modify his sentence. The court took no action as the matter was on appeal. On December 3, 2013, the court denied Coghill's request for a certificate of probable cause. On December 9, 2013, the court filed Coghill's petition for modification of sentence, and took no action stating the matter was on appeal.

## DISCUSSION

The fact that counsel filed the opening brief under *Wende* confirms she does not believe the issues she listed are arguable. When specific issues are raised by the appellant himself in a *Wende* brief, we must expressly address those issues in our opinion. (*Kelly, supra,* 40 Cal.4th at pp. 110, 120, 124.) In this case, Coghill did not file a supplemental brief. We have also reviewed the record in accordance with our obligations under *Wende* and *Anders* and considered the issues listed by counsel. We find no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


RYLAARSDAM, J.


THOMPSON, J.

6